234 N.J. Super. 79 (1989)
560 A.2d 97
HOUSATONIC BANK AND TRUST COMPANY, PLAINTIFF-APPELLANT,
v.
JOSEPH W. FLEMING, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 2, 1989.
Decided June 22, 1989.
Before Judges MICHELS, LONG and KEEFE.
*80 Richard C. McDonnell argued the cause for the appellant (McDonnell & Whitaker, attorneys; Richard C. McDonnell, of counsel and on the brief).
George J. Cotz argued the cause for the respondent (Weber, Muth & Weber, attorneys; George J. Cotz, on the brief).
The opinion of the court was delivered by KEEFE, J.S.C. (temporarily assigned).
On April 23, 1982, the defendant Joseph W. Fleming executed an agreement which made him a guarantor for loans made by plaintiff Housatonic Bank and Trust Company to the Glasslight Company, Inc., William C. Reppenhagen and Jacqueline Reppenhagen. The instrument provided that defendant's guarantee was not to exceed $50,000.00 "at any one time." The agreement further provided in part:
[T]he [guarantor] hereby authorize [plaintiff] at any time and in such manner and upon such terms as it may see fit to extend the time for payment or to change the manner or terms of payment or to accept renewals for or different evidences of indebtedness for any such advances as have been made or hereafter be made to [debtor] without any notice to the [guarantor]; and the [guarantor] further agrees that such extension of time or the change in the manner and terms of the payment or acceptance of renewals or different evidences of indebtedness shall not, in any way, release the [guarantor] from or reduce [his] liability on this guaranty.

........
This guaranty shall be a continuing guaranty and shall remain in full force and effect until written notice shall have actually been received by [plaintiff] that it has been revoked ... but such revocation shall not release [guarantor] from any liability for advances prior to the receipt of said notice of revocation or upon any ... instruments or evidences of indebtedness held by [plaintiff] at the time of the receipt of such notice. (emphasis added).
On August 15, 1985, defendant's attorney wrote to plaintiff, informing plaintiff that defendant revoked his guaranty. The relevant portion of the letter stated:
Please be advised that Mr. Fleming hereby cancels his guaranty with respect to any future borrowings or other obligations of the Gaslight Company to your bank effective as of the date of your receipt of this letter.
*81 On October 15, 1985, Glasslight Company[1] executed a renewal promissory note payable within 90 days. According to plaintiff, and not disputed by defendant, this note was the renewal of a rewritten loan and discount note dated May 14, 1985.
Plaintiff filed a complaint against defendant, demanding payment of the renewal note and another note which is not the subject of this appeal. Defendant filed an answer in which he asserted that his obligations under the guaranty were discharged by the written revocation as to the renewal note of October 15, 1985. Plaintiff thereafter filed a motion for summary judgment. Defendant filed a brief in opposition, but no certification. The trial judge granted judgment in favor of the plaintiff as to the uncontested note but denied plaintiff's motion with respect to the renewal note. The trial judge, relying on Adelman v. Franklin Washington Trust Co., 137 N.J. Eq. 257 (Ch. 1945), found that defendant was not liable. He also found that defendant's liability under the circumstances of this case would be "contrary to the obvious intent of the guaranty agreement or at best an ambiguity which should be resolved against plaintiff who drew the guaranty agreement."
Plaintiff appeals from that decision and contends that the trial judge's interpretation of the guaranty was contrary to the clear wording of the agreement, because the renewal note was for a past indebtedness while defendant's revocation was effective only as to an indebtedness incurred after the revocation. Defendant, on the other hand, asserts that the trial judge was correct in holding that the renewal of a promissory note, without the express consent of the guarantor, relieves the guarantor of liability. He also argues that the "reasonable expectations" of the parties favor his ability to limit liability and have his revocation honored. We agree with plaintiff's argument and reverse.
*82 The well settled law of the State is that the language of a guaranty agreement must be interpreted against the bank who prepared the form, and at whose insistence the language was included. Josefowicz v. Porter, 32 N.J. Super. 585, 590 (App.Div. 1954). It is also said that a guarantor is favored in the law, that he is not bound beyond the strict terms of his promise and that his obligation cannot be extended by implication. Franklin Bank and Trust Co. v. Reed, 496 N.E.2d 596, 602 (Ind. Ct. App. 1986), vacated on other grounds 508 N.E.2d 1256 (Ind. 1987). Any ambiguity in a guaranty agreement should be construed in favor of the guarantor. Summit Bank v. The Creative Cook, 730 S.W.2d 343, 346 (Tex. Ct. App. 1987). On the other hand, a guaranty is a contract and must be interpreted according to its clear terms so as to effect the objective expectations of the parties. We find no ambiguity on the face of this agreement and note that the defendant did not file a certification in opposition to plaintiff's motion for summary judgment alleging any such ambiguity.
Plaintiff's reliance upon Adelman v. Franklin Washington Trust Co., supra, is misplaced. The agreement in this case, unlike the agreement in that case, is a continuing guaranty. There is no appellate decision in this State addressing similar facts. However, in instances where there is no binding precedent, Judge Conford observed that:
[t]he search should be for the rule which will accord with the reasonable expectations of persons in the business community involved in transactions of this kind.
Swift & Co. v. Smigel, 115 N.J. Super. 391, 398 (App.Div. 1971), affm'd 60 N.J. 348 (1972). When the two critical clauses of the guaranty are read together and objectively, it is clear that defendant executed a continuing guaranty revocable on notice but with continuing liability for any advances made prior to the receipt of the notice of revocation. The defendant also agreed that plaintiff could renew obligations "at any time" and without notice to the guarantor. Defendant cites us to no authority, and we can find none, which holds that a note made prior to *83 revocation but renewed after revocation is considered an "advance." Apparently, in this case, the renewal was only for a 90 day period and on the same terms.
Plaintiff relies on First New Jersey Bank v. F.L.M. Bus Machines, 130 N.J. Super. 151 (Law.Div. 1974). That case, like this one, involved a continuing guaranty with a right of revocation. However, in that case the guaranty agreement provided specifically that the guarantor would remain liable after revocation for obligations incurred prior to the revocation "and any renewals, ...." The latter phrase is not present in the guaranty under consideration. However, we conclude that the legal effect is the same when the guaranty is read as a whole.
Two cases outside of this jurisdiction involving guaranties with terms similar to the one under consideration have been located. In Marking Systems v. Interwest Film Corp., 567 P.2d 176 (Utah 1977), the guaranty provided that the creditor could renew any of the obligations without notice to or consent of the guarantors and any notice of revocation would not release the guarantors from liability contracted prior to such notice. A second promissory note was issued after the original loan and was renewed several times. Before the last renewal was signed, the guarantors revoked the agreement. In reversing a grant of summary judgment on behalf of the guarantors, the Utah Supreme Court held that the renewal made after the revocation did not constitute a new contract and, therefore, the guarantors were not released from liability. Id. at 179. The majority opinion stressed the fact that there was no money advanced by the creditor after notice of revocation of the guaranty was given. Id. In Old Nat. Bank of Wash. v. Seattle Smashers Corp., 36 Wash. App. 688, 676 P.2d 1034 (1984) the guaranty agreement provided that it would cover all liabilities until the guarantor "shall have given the Bank notice in writing to extend no further credit on the security of this guaranty; but such notice shall not affect the liability of the undersigned on any transactions covered by this guaranty entered into before actual receipt of such written notice by the *84 Bank." Id., 676 P.2d at 1035. The language was thus very similar to that of the guaranty in question. The court, in finding for the creditor, perceived no ambiguity in the language of the agreement. It held that the agreement, giving the creditor the right to renew or extend payment of the obligations without notice to or consent of the guarantors when read together with the guarantors' agreement to remain liable on any transactions completed before revocation, compelled that result. Id., 676 P.2d at 1036.
Reversed and remanded for entry of judgment in favor of the plaintiff in accordance with the terms of this opinion.
NOTES
[1] We are using the name "Glasslight" as used in the Guaranty Agreement. We note that the company has been referred to variously as "Glasslight" or "Gaslight."