**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0514-23

WATERFRONT CORPORATE
CENTER III JV LLC,

      Plaintiff-Respondent,

v.

GFG HOBOKEN LLC,

      Defendant,

and

MARC RAMUNDO and
CHARLES CASTELLI,

      Defendants/Third-Party
      Plaintiffs-Appellants,

v.

DREAMFOOD USA LLC,

      Third-Party Defendant/
      Fourth-Party Plaintiff-
      Respondent,

v.

GEORGIOS DROSOS
and GGLM LLC,

       Fourth-Party
       Defendants-Respondents.

_____

Argued January 7, 2025 – Decided June 12, 2025

Before Judges Firko, Bishop-Thompson, and Augostini.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-0987-22.

Alexander G. Benisatto argued the cause for appellants (Shapiro, Croland, Reiser, Apfel & Di Iorio, LLP, attorneys; Scott Piekarsky, Stuart Reiser, and Alexander G. Benisatto, on the briefs).

John R. Stoelker argued the cause for respondent Waterfront Corporate Center III JV, LLC (McCarter & English, LLP, attorneys; Clement J. Farley and John R. Stoelker of counsel and on the brief; Geoffrey E. Lynott, on the brief).

William C. Matsikoudis argued the cause for respondent Dreamfood USA, LLC (Matsikoudis & Fanciullo, LLC, attorneys; Willam C. Matsikoudis, on the brief).

Jeffrey A. Bronster argued the cause for respondents Georgios Drosos and GGLM LLC.

PER CURIAM

2

In this commercial landlord-tenant dispute, defendants and personal guarantors, Marc Ramundo and Charles Castelli (collectively, Guarantors), appeal from the September 14, 2023 Law Division order entering an amended final judgment in favor of plaintiff landlord, Waterfront Corporate Center III JV, LLC (Waterfront), in the amount of $325,416.77 plus post-judgment interest accrued from June 1, 2023. Having considered the record and the governing law, we affirm.

I.

The following facts and procedural history, as discerned from the record, provide the essential context for this appeal. Before Waterfront and GFG Hoboken LLC (GFG) signed the commercial lease (Lease), on March 14, 2016, Guarantors executed a personal guaranty agreement (Lease Guaranty) to ensure the fulfillment of all obligations by GFG Hoboken LLC (GFG) under the terms of a commercial lease (Lease) subsequently entered between GFG and Waterfront. The relevant term of the Lease Guaranty provided: "Guarantors' joint and several liability for GFG's obligations under the Lease shall not exceed (i) $400,000 for any default by [GFG] under the Lease occurring during the period of the Commencement Date [October 3, 2016] until the day preceding the fifth anniversary of the Rent Commencement Date [January 31, 2022]."

Guarantors also agreed to waive notice of demand for payment by Waterfront, default of the Lease, and notice of GFG's nonpayment of rent.

On March 28, 2016, Waterfront and GFG executed a ten-year Lease for retail space on the ground floor of Waterfront's Hoboken office building, intended to operate as a restaurant bakery specializing in Greek cuisine. Under the Lease, the term commenced on February 1, 2017, and terminated on January 31, 2027. GFG was responsible for base rent of $17,062.92 per month beginning February 1, 2021, which increased to $17,442.42 per month beginning February 2022. GFG was also responsible for "additional rent," which included utilities, trash removal, GFG's proportionate share of the taxes, and other operating expenses.

In the event of default, GFG was required to pay the base rent, additional rent, and any other money owed to Waterfront. GFG was also required to pay reasonable attorney's fees and costs incurred by Waterfront in connection with its enforcement of GFG's obligations under the Lease.

Dreamfood USA LLC (Dreamfood) owned eighty-five percent of GFG and operated the Hoboken commercial space. In 2021, GFG sustained a net loss of $497,850 ostensibly due to the COVID-19 pandemic. The business subsequently closed at the end of that year.

A-0514-23

Beginning in January 2022, GFG defaulted on the Lease by failing to pay rent and remained in default thereafter. GFG, despite receiving notice of default from Waterfront, failed to remedy the default. The Guarantors also failed to pay the unpaid rent arrearages. On March 23, 2022, Waterfront filed a complaint against GFG and the Guarantors in the Law Division, seeking to recover $38,323.52 in unpaid rent from GFG and asserting claims for breach of contract under the Lease Guaranty and for unjust enrichment against the Guarantors.

On May 24, 2022, Georgios Drosos and Guarantors executed an indemnification agreement whereby Drosos agreed to indemnify Guarantors for all damages under the Lease Guaranty and to cover their legal expenses during the litigation. Pursuant to the agreement, Drosos retained authority regarding litigation strategy, including the decision to have Jeffrey A. Bronster provide dual representation for both Drosos and Guarantors.

On June 2, 2022, Waterfront and Guarantors executed a consent order to vacate the default that had been entered on May 19, 2022. That same day, Guarantors filed an answer and crossclaim against GFG alleging breach of contract, bad faith, promissory estoppel, indemnification, and contribution. Additionally, Guarantors filed a third-party complaint against Dreamfood, alleging interference with the Lease by closing the Hoboken store. Dreamfood

A-0514-23

then filed a fourth-party complaint against its then-manager Drosos and GGLM LLC, wholly owned by Drosos (collectively, Drosos), claiming unjust enrichment and breach of fiduciary duty.[1]

Partial judgment by default for liability was entered against GFG and Waterfront was granted possession of the Hoboken space on June 14, 2022. Thereafter, in September 2022, lengthy and circuitous litigation commenced when Waterfront moved for partial summary judgment against Guarantors to establish their liability under the Lease Guaranty. Guarantors requested an adjournment of the motion but ultimately did not file any opposition.

On November 18, 2022, the trial court entered an order granting Waterfront's motion on partial summary judgment solely on liability under the Lease Guaranty. In its statement of reasons, the court highlighted, under Rule 4:46-2(b), Waterfront's statement of material facts was deemed admitted due to Guarantors' failure to submit a counterstatement of material facts in opposition to the motion.

---

[1] On February 22, 2022, Drosos filed a complaint against Dreamfood and other defendants in the Bergen County Law Division under docket number BER-L-1053-22. The matter was subsequently transferred from Bergen County to Passaic County under docket number PAS-L-1785-23. On December 9, 2023, a stipulation of dismissal was entered, dismissing without prejudice the right to file an arbitration demand.

The trial court, nevertheless, analyzed the merits of the motion. After reviewing the Lease Guaranty, Lease, and applying governing contract law, the trial court determined that the "terms of the Guaranty [were] clear as to [the Guarantors'] liability to any debt [GFG] owe[d] to [Waterfront] arising from breach of the [Lease]." The trial court also directed Waterfront to submit a final judgment specifying the amount owed. Guarantors did not appeal from the liability judgment.

On February 11, 2023, Bronster executed a substitution of attorney, which was subsequently executed by new counsel thirteen days later on February 24, 2023. However, the substitution of attorney was not filed until March 13, 2023. The discovery end date was March 29, 2023.

On May 31, 2023, a second trial court issued four separate orders. The court entered final judgment against Guarantors, jointly and severally, in the amount of $262,107.77, which was below the $400,000 limit stipulated in the Lease Guaranty. Guarantors did not appeal from the final judgment.

In the second order and statement of reasons, the court denied Guarantors cross-motion to vacate the November 2022 liability judgment and order after analyzing the parties' submissions under Rules 4:42-1(b) and 4:50-1. At the outset, during oral argument, the court observed that Guarantors had

"incidentally" raised the applicability of Rule 4:50-1, but "had not established any of the R[ule] 4:50-1 grounds to vacate the order" nor presented a meritorious defense.

The second trial court then addressed the "interest of justice" standard filed pursuant to a motion for reconsideration. The court found the first trial court fully addressed the unopposed motion in determining Guarantor's liability. The court then addressed and rejected each of the arguments presented by Guarantors. First, the court's in camera review of emails between Guarantors and Drosos, as well as between Guarantors and Bronster, did not provide sufficient justification to vacate the liability judgment entered against Guarantors because it did not change the material findings of fact established in the initial decision. Second, the court found Guarantors failed to provide any legal support for the argument that the Lease Guaranty was not sufficient consideration for the Lease between Waterfront and GFG. Third, the court found Guarantors lacked evidential support that the change in GFG's ownership structure materially impacted Guarantors' obligations and risks. Finally, court rejected Guarantors' argument concerning the integration clause and whether the clause excluded the Lease Guaranty from the Lease because it was not raised prior to oral argument.

The second trial court also denied Guarantors' motion to reopen discovery because they were not diligent in pursuing discovery before the discovery end date expired and the motion was not returnable before then. The court also noted that it was undisputed Guarantors had not engaged in discovery either with Bronster or their current counsel.

The third order, also accompanied by a statement of reasons, granted Dreamfood's motion to dismiss Guarantors' third-party complaint. Viewing the evidence in the light most favorable to Guarantors, the court determined Guarantors made speculative arguments, lacking evidentiary support concerning their claims that Dreamfood had the ability to unilaterally close GFG, that Dreamfood interfered with the Lease by closing GFG, that GFG operated at "break even" or made profits during the pandemic, that Dreamfood closed GFG to harm Drosos, and that a material dispute existed regarding the "true" circumstances preceding the closing of GFG and the Lease default.

The last order denied Guarantors motion to disqualify Bronster without prejudice as moot given the three orders issued that day.

In a June 9, 2023 order, the second trial court denied Guarantors' motion for leave to amend their answer to add GFG Hoboken, Drosos, and GGLM Hoboken LLC as parties and to assert additional crossclaims for breach of

9

contract, promissory estoppel, and indemnification and contribution against GFG Hoboken and Drosos. The court ruled that the third-party complaint was dismissed upon the granting of Dreamfood's partial summary judgment motion; therefore, no complaint remained pending to amend or supplement. As to the answer and crossclaim, the court did not consider Guarantors' single-spaced submission motion because the pleading violated Rule 1:4-9, which requires all pleadings filed with the court to be double spaced.

Thereafter, in another well-reasoned statement of reasons and order dated August 29, 2023, the second trial court granted Waterfront's motion to amend the judgment, awarding $325,416.77 against Guarantors, jointly and severally, with post-judgment interest to accrue from June 1, 2023. The court found that the recovery of reasonable attorney's fees was explicitly provided for in the Lease, which was unconditionally guaranteed by the Guarantors. The court explained Guarantors did not oppose the final judgment nor the reasonableness of the fees under Rendine v. Pantzer, 141 N.J. 292 (1995) or R.M. v Sup. Ct. of N.J., 190 N.J. 1 (2007) or any of the RPC 1.5 factors.

The same day in a separate order and statement of reasons, the second trial court denied Guarantors cross-motion to alter or amend the final judgment, which sought to vacate attorney's fees incurred by Waterfront from February 1,

2023 to May 31, 2023, related to the motion practice following the entry of the liability judgment in Waterfront's favor. The court reject Guarantors' argument that they were not responsible for reasonable attorney's fees under the Lease Guaranty and the attorney's fee should be reduced in proportionate to the amount of the final judgment award rather than the amount requested. As discussed above, the court determined that the reasonable and customary attorney's fees were related to enforcing provisions of the Lease and for damages.

The second trial court also declined to consider Ramundo's unsupported argument that his right to contribution from GFG should have been memorialized in the May 12, 2023 final judgment. However, the court clarified and amended paragraph two of the May 31, 2023 judgment to reflect Waterfront was not entitled to a "double judgment" from GFG and Guarantors. On September 14, 2023, an amended final judgment order was entered.

The second trial court rejected both of Guarantors arguments for reconsideration and for vacating the November 18, 2022 order granting partial summary judgment, as well as the May 2023 order entering final judgment in favor of Waterfront and denying their motion to vacate the liability judgment and reopen discovery. The court found Guarantors had not demonstrated a basis for reconsideration of the November 18, 2022 order because they had not

11

proffered "any probative competent evidence to defeat the summary judgment motion on reconsideration [under Rule 4:49-2]." Nor had Guarantors "come forth with any R[ule]4:50-1(f) basis or a meritorious defense" relative to the two May 2023 orders.

Additionally, the second trial court denied Guarantors motion to reconsider the two May 2023 orders denying the disqualification of Bronster and the granting of partial summary judgment to Dreamfood, and the June 2023 order denying the amendment of their third-party complaint to assert claims against Drosos.

Concerning Guarantors arguments regarding the grant of partial summary judgment to Dreamfood, after analyzing Rule 4:42-9, the second trial court found the Bergen County unverified pleadings were considered and deemed insufficient to defeat a summary judgment motion. The court again noted Guarantors advanced "unsubstantiated allegations," which were insufficient to defeat summary judgment, rather than any credible probative evidence. The court also noted that despite new counsel's appearance three months before the expiration of the discovery end date, counsel neither sought a discovery extension nor attempted to engage in any discovery.

A-0514-23

As it related to the June 9, 2023 order, the second trial court noted the motion to amend Guarantors' pleadings was in the pipeline at the time Dreamfood's summary judgment motion was filed. However, Guarantors' liability was established six months prior to the filing of Guarantors motion and the dismissal of Guarantors third-party complaint "effectively disposed" of those complaints. The second trial court determined if Guarantors filed a separate action based on contractual indemnification, it would not be barred by the entire controversy doctrine.

Lastly, as to the motion to disqualify Bronster, the second trial court restated the motion was denied without prejudice because of the other May 2023 orders, which effectively terminated the litigation. The trial court ruled that if Guarantors were granted leave to amend the third-party complaint or filed a supplemental pleading asserting a contractual indemnification claim, Bronster's disqualification would be appropriate because his continued representation would be a direct conflict to his previous clients, Guarantors.

Guarantors now appeal from the second trial court's September 14, 2023 order amending the final judgment in the amount of $325,416,77, plus post-judgment interest. In challenging this order, which addressed attorney's fees from the orders following the entry of the November 18, 2022 liability judgment,

13

Guarantors contend the second trial court erred by (1) sua sponte effectively disposing of this matter in denying their cross-motion for reconsideration to vacate the liability judgment in the August 29, 2023 order, (2) denying their motion to vacate the November 18, 2022 order granting partial summary judgment in favor of Waterfront, (3) entering final judgment on May 31, 2023, (4) granting partial summary judgment in favor of third-party defendant Dreamfood and dismissing the third-party complaint on May 31, 2023, (5) denying plaintiff's motion to disqualify fourth-party defendant's attorney on May 31, 2023, and (6) denying their motion for leave to file an amended answer on June 9, 2023.

II.

On appeal, Guarantors argue that both Bronster and the second trial court limited their ability to effectively pursue their claims and defenses. They contend Bronster's failure to oppose Waterfront's motion for partial summary judgment resulted in their liability for GFG's outstanding rent and related costs. They argue Bronster should have been disqualified based on a "clear, concurrent conflict of interest." Guarantors also contend they should have been allowed to file an amended answer to conform the pleading to their theory of the case. Waterfront's motion for partial summary judgment, final judgment and amended

final judgment should have been denied because it failed to establish there was consideration for the Lease Guaranty. Lastly, Guarantors assert the second trial court erred in amending the final judgment because it "prescribed" that Guarantors pursue an indemnification claim against Drosos and a legal malpractice claim against Bronster.

III.

A.    Partial Summary Judgment on the Guarantors' Liability.

We begin our analysis with the origin of Guarantors' appeal—the November 2022 liability judgment entered in Waterfront's favor. We reject Guarantors contention that the second trial court erred in denying their motion to vacate the November 18, 2022 order granting partial summary judgment in favor of Waterfront. Guarantors further argue the court erred by "accepting Bronster's self-serving assertion that the motion for partial summary judgment was not opposed as a strategic decision" because discovery was ongoing in both the Hudson and Bergen County matters.

We review a trial court's grant of summary judgment de novo, applying the same standard as the trial court. Thomas Makuch, LLC v. Twp. of Jackson, 476 N.J. Super. 169, 184 (App. Div. 2023) (citing Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021)). That standard requires us to "determine

15

whether 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.'"  Branch, 244 N.J. at 582 (quoting R. 4:46-2(c)).

"Summary judgment should be granted . . . 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Friedman v. Martinez, 242 N.J. 449, 472 (2020) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).  We do not defer to the trial court's legal analysis or statutory interpretation.  RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018); Perez v. Zagami, LLC, 218 N.J. 202, 209 (2014).

Generally, we review de novo the interpretation of a contract.  Serico v. Rothberg, 234 N.J. 168, 178 (2018); Pickett ex rel. Est. of Pickett v. Moore's Lounge, 464 N.J. Super. 549, 554-55 (App. Div. 2020).  "[U]nder a guaranty contract, the guarantor, in a separate contract with the obligee, promises to answer for the primary obligor's debt on the default of the primary obligor." Feigenbaum v. Guaracini, 402 N.J. Super. 7, 18 (App. Div. 2008) (quoting Cruz-Mendez v. ISU/Ins. Servs. of S.F., 156 N.J. 556, 568 (1999)) (internal quotation

16

marks omitted); see also Great Falls Bank v. Pardo, 263 N.J. Super. 388, 398 n.5 (Ch. Div. 1993), aff'd, 273 N.J. Super. 542 (App. Div. 1994).

Further, where a guaranty exists and a demand upon the guaranteed debt covered is not paid, the party that the guaranty was made to may sue to collect on it. U.S. Rubber Co. v. Champs Tires, Inc., 73 N.J. Super. 364, 373 (App. Div. 1962). Thus, the terms of a guaranty must be read like any other contract, according to its clear terms to manifest the objective expectations of the parties. Housatonic Bank & Tr. Co. v. Fleming, 234 N.J. Super. 79, 82 (App. Div. 1989).

Here, the first trial court properly analyzed Waterfront's unopposed summary judgment motion. Moreover, the record belies Guarantors' contention the parties were engaged in "ongoing discovery." The record shows Guarantors neither sought a discovery extension nor engaged in discovery. We are convinced the first trial court appropriately found that Guarantors had agreed to be fully responsible for GFG's obligations and risks under the Lease. The Lease Guaranty terms are clear and unambiguous, and therefore, must be enforced as written. See Nester v. O'Donnell, 301 N.J. Super. 198, 210 (App. Div. 1997).

Based on our de novo review, we are satisfied the first trial court's factual findings and legal conclusions were supported by sufficient credible evidence in the record. Guarantors obligation under the terms of the Lease Guaranty were

17

triggered by GFG's default of rent, additional rent, and reasonable attorney's fees and costs. Thus, we conclude that partial summary judgment was properly entered.

      B.    The August 29, 2023, Denial of the Motion to Reconsider the November 22, 2022, and May 31, 2023 Orders.

We next address Guarantors' argument that the second trial court erred by sua sponte dismissing the litigation in denying their cross-motion for reconsideration to vacate the Waterfront liability judgment in the August 2023 order. Guarantors also argue the second court erred in denying their motion to vacate the November 18, 2022 order granting partial summary judgment in favor of Waterfront and entering final judgment on May 31, 2023.

Guarantors contend that "central" to the trial court's decision was a potential legal malpractice claim against Bronster and there was no excusable neglect to justify vacating the final judgment due to Bronster's failure to oppose Waterfront's motion for partial summary judgment. Guarantors further argue the second trial court misconstrued their request for relief. Guarantors contend they sought to vacate the liability judgment because discovery was incomplete, and there were other "viable and indispensable" claims and parties, which were still pending, requiring a "possible" consolidation of the Hudson and Bergen

County matters and a global resolution of all claims. We reject Guarantors' contentions and review the second trial court's denial of a motion for reconsideration under the abuse of discretion standard. Branch, 244 N.J. at 582.

In relevant part, Rule 4:50-1 permits a court to relieve a party from a final judgment on the following grounds: "(a) mistake, inadvertence, surprise, or excusable neglect; . . . or (f) any other reason justifying relief from the operation of the judgment or order." This Rule "is designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case." BV001 REO Blocker, LLC v. 53 W. Somerset St. Props., LLC, 467 N.J. Super. 117, 123 (App. Div. 2021) (quoting Manning Eng'g, Inc. v. Hudson Cnty. Park Comm'n, 74 N.J. 113, 120 (1977)) (internal quotation marks omitted).

To obtain relief from a judgment under Rule 4:50-1(a), a party must demonstrate both excusable neglect and a meritorious defense. U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 468 (2012). Excusable neglect has been defined "as something the parties could not have protected themselves from during the litigation." Romero v. Gold Star Distrib., LLC, 468 N.J. Super. 274, 298 (App. Div. 2021) (emphasis omitted) (citing DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 261 (2009)). It refers to "an honest mistake that is compatible

with due diligence or reasonable prudence." Deutsche Bank Nat'l Tr. Co. v. Russo, 429 N.J. Super. 91, 98 (App. Div. 2012) (quoting Guillaume, 209 N.J. at 468) (internal quotation marks omitted).

Here, Guarantors cite Rule 4:50-1(f) and state in a single sentence that the second trial court denied their original motion to vacate under this rule. However, they fail to explain how subsection (f) applies. An issue that is not addressed in a party's initial merits brief is deemed to be waived. Drinker Biddle & Reath LLP v. N.J. Dep't of L. & Pub. Safety, 421 N.J. Super. 489, 496 n.5 (App. Div. 2011); see also Fuhrman v. Mailander, 466 N.J. Super. 572, 599 (App. Div. 2021). However, in their reply brief, Guarantors argue "exceptional circumstances" warrant relief from the liability judgment under Rule 4:50-1(f). It is improper for a party to raise an issue for the first time or enlarge the main argument for the first time in a reply brief. N.J. Republican State Comm. v. Murphy, 243 N.J. 574, 615 n.37 (2020); see also L.J. Zucca, Inc. v. Allen Bros. Wholesale Distribs. Inc., 434 N.J. Super. 60, 87 (App. Div. 2014). Thus, Guarantors have waived the argument.

We review a trial judge's decision on whether to grant or deny a motion for reconsideration under Rule 4:49-2 for an abuse of discretion. Branch, 244 N.J. at 582. "Motions for reconsideration are governed by Rule 4:49-2, which

20

provides that the decision to grant or deny a motion for reconsideration rests within the sound discretion of the trial court." Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015). Reconsideration "is not appropriate merely because a litigant is dissatisfied with a decision of the court or wishes to reargue a motion[.]" Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010). Thus, we will not disturb a trial judge's denial of a motion for reconsideration absent "a clear abuse of discretion." Pitney Bowes Bank, Inc., 440 N.J. Super. at 382 (citing Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994)).

Nonetheless, we have considered the second trial court's denial of vacating the November 2022 liability judgment, and the reconsideration of the denial to vacate the liability judgment in both the May and August 2023 orders. We are convinced Guarantors' motions for reconsideration of both orders were properly considered under Rule 4:49-2. Lawson v. Dewar, 468 N.J. Super. 128, 134-35 (App. Div. 2021). In this landlord tenant dispute, Waterfront sought the outstanding rent, additional rent, and attorney's fees due under the Lease. On appeal, Guarantors express continual dissatisfaction with the court's November 2022 ruling, by restating previous contentions in the May and August motions and relying on unsubstantiated allegations. We agree with the trial court's

finding that "it is undisputed Guarantors did not engage in discovery." In each written statement of reasons, the trial court thoroughly reaffirmed its findings and concluded that Guarantors had not met their burden.

The second trial court reasoned Guarantors failed to cite to "any probative competent evidence to defeat the summary judgment motion on reconsideration [under Rule 4:49-2] and also ha[d] not come forth with any R[ule]4:50-1(f) basis or a meritorious defense." Also, the record revealed that there was no change in the material fact that Guarantors assumed full responsibility for GFG's final obligations and risks under the Lease.

Our review of the record reveals no abuse of discretion by the second trial court on reconsideration in both May and August 2023 orders. We, therefore, affirm both orders denying reconsideration for the reasons expressed by the second trial court without further comment.

C.    Partial Summary Judgment in Favor of Dreamfood.

Having conducted a de novo review, we conclude the trial court's findings and applicable controlling law were supported in the factual and procedural record. We find the Guarantors' argument unpersuasive that the second trial court should have taken judicial notice of and considered their pleadings from the Bergen County matter. The pleadings, however, are not competent evidence.

Guarantors offered nothing more than speculative allegations unsupported by the record and not competent evidence or substantiated facts because discovery had not been conducted. In the absence of any competent evidence submitted by Guarantors, the second trial court correctly determined Guarantors did not satisfy their burden on summary judgment to establish a claim of tortious interference with the Lease based on Dreamfood's closure of the Hoboken store. See Merchs. Express Money Ord. Co. v. Sun Nat'l Bank, 374 N.J. Super. 556, 563 (App. Div. 2005).

Therefore, we are convinced the second trial court properly granted partial summary judgment and appropriately dismissed Guarantors' third-party complaint. Likewise, the motion for reconsideration was properly denied by the second trial court as it was not in the interest of justice given the lack of competent evidence.

D.    Disqualification of Dreamford's Counsel.

Guarantors also argue the second trial court erred in denying their motion for reconsideration of the June 9, 2023 order to disqualify Bronster as counsel for Drosos. RPC 1.7(a)(1) prohibits a lawyer from representing a client in litigation that is adverse to another client. Comando v. Nugiel, 436 N.J. Super. 203, 214 (App. Div. 2014). A concurrent conflict of interest is inherent where

counsel engages in "dual representation" of clients with adverse interests to each other.  Baldasarre v. Butler, 132 N.J. 278, 295-96 (1993).

By the time the June 9, 2023 order was entered, Bronster was no longer representing Dreamfood.  This was due to the dismissal of the third-party complaint on May 31, 2023, which in turn, rendered Dreamfood's fourth-party complaint moot.  Accordingly, no such conflict existed, and the court properly denied Guarantors' motion without prejudice.

As to the August 2023 order, the court correctly found that if Guarantors were granted leave to amend the third-party complaint or filed a supplemental pleading asserting a contractual indemnification claim Bronster "must be disqualified" because his continued representation would be a direct conflict to Guarantors as the previous clients.  See RPC 1.9(a).  Therefore, the second trial court properly denied Guarantors' motion for reconsideration.

E.      Motion for Leave to Amend Guarantors' Answer, Crossclaim, and Third-Party Complaint.

Guarantors contend the second trial court erred in denying their motion for reconsideration of the June 2023 order denying leave to amend their answer, add parties and additional claims to their crossclaim, and third-party complaint. Guarantors further contend the second trial court erroneously determined they could pursue a separate indemnification claim against Drosos, a claim that

24

would not be barred by the entire controversy doctrine nor properly before the court.  Guarantors' contention lacks merit.

We review a trial court's decision under Rule 4:9-1 on a motion for leave to amend a pleading for an abuse of discretion.  "'Rule 4:9-1 requires that motions for leave to amend be granted liberally' and that 'the granting of a motion to file an amended complaint always rests in the court's sound discretion.'"  Notte v. Merchs. Mut. Ins. Co., 185 N.J. 490, 501 (2006) (quoting Kernan v. One Washington Park Urb. Renewal Assocs., 154 N.J. 437, 456-57 (1998)).

"An abuse of discretion 'arises when a decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis."'"  Pitney Bowes Bank, 440 N.J. Super. at 382 (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).  "That exercise of discretion requires a two-step process:  whether the non-moving party will be prejudiced, and whether granting the amendment would nonetheless be futile."  Notte, 185 N.J. at 501.

Having reviewed the record, we discern no abuse of discretion in the second trial court's denial of Guarantors' motion for leave to amend.  Here,

Guarantors fail to present any argument or grounds supporting why the motion for reconsideration should have been granted under Rule 4:49-2.

Nonetheless, we address the issue for the sake of completeness. Here, Guarantors sought leave to amend their answer to add GFG Hoboken, Drosos, and GGLM Hoboken LLC as parties and to raise new crossclaims against GFG Hoboken and Drosos, asserting breach of contract, promissory estoppel, and indemnification/contribution claims. Guarantors fail to offer a compelling justification for seeking to amend their pleadings after the court had already issued substantive rulings on Waterfront's and Dreamfood's motions for partial summary judgment. Therefore, we discern no abuse of discretion in the second trial court's denial of Guarantors' initial motion for leave to amend, as well as the motion for reconsideration of the June 9, 2023 order.

To the extent not addressed, Guarantors' remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

26

A-0514-23